IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARL EARL SUGGS, JR.,                :

    Plaintiff,                       :

v.                                   : CIVIL ACTION 12-0456-WS-M

BALDWIN COUNTY MENTAL HEALTH         :
CENTER, et al.,
                                     :
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prison inmate proceeding <u>pro</u> <u>se</u>, filed a fifth amended complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned to determine whether this action should proceed. For the reasons stated below, it is recommended that Plaintiff's Complaint be dismissed.

## BACKGROUND

Pursuant to this Court's Order of December 5, 2012 (Doc. 9), Plaintiff filed a fifth amended complaint on January 7, 2013.[1] (Doc. 10). Plaintiff is currently

---

[1] Plaintiff actually filed his fifth amended complaint two days after the deadline set forth by this Court in its December 5 Order. (Doc. 9 at p.1). This in and of itself warrants dismissal of Plaintiff's action. (<u>Id.</u> at p. 2 ("failure to comply with this Order within the prescribed

incarcerated in a Florida state prison. (Doc. 10 at p. 5).
Plaintiff has named Dr. Cummins, a psychiatrist at Baldwin
County Mental Health Center, Robin Regan, the records
custodian at Baldwin County Mental Health Center, Janet
Ashworth, a social worker at Baldwin County Mental Health,
and Hillside Mental Home as defendants in this action.
(Doc. 10 at pp. 5-6, 12-13).[2] Although Plaintiff's claim is
somewhat disjointed, it appears that the Circuit Court of
Okeechobee, Florida issued an order on October 21, 2008
seeking production of Plaintiff's mental health records
from Baldwin County Mental Health. (Id. at p. 3).
Apparently, Baldwin County Mental Health produced the
records to the Florida court as required. On November 5,
2008, a Florida judge ordered said records sealed. (Id.)
Plaintiff claims that the records should not have been
sealed. (Id. at p.4). Plaintiff also claims that the

---

time will result in the dismissal of this action for failure to prosecute and obey the Court's order)).
[2] Plaintiff has also attached to his fifth amended complaint what appears to be a separate complaint against Sherwood Bauers, Jr., a Florida state court judge in Okeechobee, Florida, Ashley Kirk Albrigh, a Florida state attorney in Okeechobee, Florida, and Talbot M. Smith, an attorney in Fort Pierce, Florida. (Doc. 10 at pp. 15-22). It appears that none of these defendants resides in this district nor did any of the actions complained of arise in this district; therefore, assuming that Plaintiff intended to assert a separate complaint against these defendants in this Court, said action is dismissed. 28 U.S.C. § 1391(b) and § 1406(a).

records should not have been released without his consent. (Id.) Plaintiff requests that this Court order the records custodian at Baldwin County Mental Health to produce his records to him. (Id. at p.7).

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b)(1), the Court shall dismiss a prisoner's civil action seeking redress from a governmental entity or officer or employee of a governmental entity if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted…." A prisoner's complaint may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his fifth amended complaint, Plaintiff has not alleged nor has he set forth any facts which support a finding that the named defendants have violated any federal constitutional right. Instead, Plaintiff has alleged that the defendants produced records to the state court as required by that court and that those records were placed under seal. Plaintiff has not alleged that he has made any valid request for the documents himself. Plaintiff has simply failed to set forth any claim upon which this Court can grant relief. Plaintiff's recourse is with the Court

3

that sealed the records, not the named defendants and certainly not with this Court.

Although Plaintiff has framed his suit as against Baldwin County Mental Health, it is apparent that his real beef is with the state court in Okeechobee, Florida. By filing suit in this district, Plaintiff seeks to have this Court intervene in a sister state's court's decision. While there are certain cases in which a federal court may sit in direct review of a state court's final judgment, this case is not one of them. One, Plaintiff seems to be challenging a discovery order of a Florida state court, not a final judgment. Two, Plaintiff has not shown in any way that he has properly challenged the order in state court, and three, the only connection to this district is the fact that the record holder is located here.

## CONCLUSION

Based upon the foregoing, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

4

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 4th day of September, 2013.

                                  s/BERT W. MILLING, JR.
                                  UNITED STATES MAGISTRATE JUDGE